UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD FRIEDMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>WORLD BUSINESS LENDERS, LLC,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Todd Friedman ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of World Business Lenders ("Defendant") and their related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like the Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are

unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-C-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also Mims*, 132 S. Ct. at 744.

5. The Federal Communication Commission ("FCC") has made rulings regarding the TCPA's vicarious liability standards as it relates to telemarketing. As early as 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself paced the call." See *In re Rules and Regulations Implementing the TCPA of 1991*, 10 FCC Rcd. 12391, 12397 ("The 1995 Ruling.")

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. *See* 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the Defendant is located and conducts business in this judicial district and because a substantial part of the act and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

8. Plaintiff Todd Friedman is, and at all times mentioned herein was, an individual and citizen of the State of California.

9. Upon information and belief, World Business Lenders, LLC is and was at all relevant times a limited liability company duly formed under the laws of the State of New York with a place of business located at 120 West 45th Street, 29th Floor, New York, New York 10036. Defendant is and at all relevant times mentioned herein a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10. Sometime prior to June 25, 2015, Plaintiff was assigned and became the owner of a cellular telephone number ending in 9293 from his wireless provider.

11. Beginning on or about June 25, 2015, Plaintiff received telephone calls on his cellular telephone from Defendant.

12. The calls to had a delay prior to a live person to Plaintiff indicating that Defendant used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), which is prohibited by 47 U.S.C. § 227(b)(1)(A).

13. The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

14. The calls to the Plaintiff from Defendant came from phone numbers including but not limited to (305) 587-2062 and (860) 436-3283.

15. The telephone number Defendant called was assigned to a cellular telephone service for which the Plaintiff incurred charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Plaintiff did not provide "prior express consent" to receive telephone calls from Defendant using an artificial or prerecorded voice utilizing an ATDS, as required by 47 U.S.C. § 227(b)(1)(A).

17. These telephone calls by Defendant or its agents were therefore in violation of 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

19. Plaintiff represents, and is a member of, the Class consisting of:

> All persons within the United States who received any telephone call(s) from Defendant or their agent(s) and/or employee(s) to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filing of the Complaint.

20. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

21. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

22. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

23. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agent's records.

24. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

1. Whether, within the four years prior to the filing of the Complaint, Defendant made any call/s (other than a call made for emergency purposes or made with the prior express consent of the called party) to Class members using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;
2. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
3. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. As persons who received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

26. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few if any Class members could afford to seek legal redress for the wrongs complained of herein.

27. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

28. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

29. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

32. As a result of Defendant negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class members, respectfully pray for the following relief:

a. On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks: (i) for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

b. On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks: (i) for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting

such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and any other relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Date: June 29, 2015

PARIS ACKERMAN & SCHMIERER LLP

By: _____

Ross H. Schmierer, Esq.
1200 Avenue of the Americas, 3rd Floor
New York, NY 10036
(T): (212) 354-0030
(F): (973) 629-1246
ross@paslawfirm.com
